UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

In re:

CALUMET ABRASIVES CO., INC.,

Debtor.

Case No. 19-21257-jra

Chapter 11

## STIPULATION AND INTERIM ORDER AUTHORIZING THE DEBTOR'S USE OF FIRST MIDWEST BANK'S CASH COLLATERAL, GRANTING ADEQUATE PROTECTION THEREFOR PURSUANT TO SECTIONS 361 AND 363 OF THE BANKRUPTCY CODE AND SCHEDULING FINAL HEARING ON USE OF CASH COLLATERAL

THIS CAUSE has come to be heard on the Motion of Calumet Abrasives Co. Inc., debtor and debtor in possession ("Debtor") seeking entry of an Order authorizing the Debtor to use cash collateral on an interim basis, granting adequate protection to First Midwest Bank ("Lender"), and for other relief [Doc. 10] ("Motion"). The Court, having reviewed the Motion and the exhibits thereto, having conducted a preliminary hearing on the Motion as provided for under Section 363(c) of the Bankruptcy Code and Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), having considered the representations of counsel in support of the Motion and the arguments and statements of counsel at such hearing, having considered relevant matters in the above-captioned bankruptcy cases, and being otherwise fully advised in the premises, the Debtor and Lender having stipulated as follows:

## RECITALS

A. On May 7, 2019, (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). Since the Petition Date, the Debtor has remained in possession of its assets and has continued in operation and control of its business as a debtor-in-possession pursuant to sections 1107 and 1108 of the

1

Bankruptcy Code. No trustee or official committee of unsecured creditors has been appointed in the Debtor's Chapter 11 case.

B. This matter constitutes a "core proceeding" within the meaning of 28 U.S.C. § 157.

C. The Court has jurisdiction over the parties and the subject matter of this proceeding pursuant to 28 U.S.C. §§ 1334 and 157.

D. Prior to the Petition Date, Lender made a loan (the "LOC Loan") to the Debtor pursuant to the terms and conditions of a Business Loan Agreement dated as of August 30, 2012 by and between the Debtor and Lender (as amended, restated or replaced from time to time, including most recently by that certain Business Loan Agreement dated as of March 22, 2018 between the Debtor and Lender, and that certain Change in Terms Agreement dated as of November 14, 2018, the "LOC Loan Agreement"). The LOC Loan is evidenced by a certain Promissory Note dated as of September 10, 2012 in the original principal amount of $500,000.00 made by the Debtor and payable to the order of Lender (as amended, restated or replaced from time to time, including as increased to $1,000,000.00 and last amended by that certain Change In Terms Agreement dated as of November 14, 2018, the "LOC Note").

E. The LOC Note is secured by (i) Commercial Security Agreement dated as of August 30, 2012 granting to Lender a security interest in the "Collateral" as more particularly set forth therein, executed and delivered by the Debtor in favor of Lender (as amended, restated or replaced from time to time, the "LOC Security Agreement"); (ii) that certain Commercial Guaranty dated as of June 5, 2016, given by John G. Anderson ("Guarantor") in favor of Lender (as amended, restated or replaced from time to time, including by that certain Commercial Guaranty dated as of August 4, 2017 given by Guarantor in favor of Lender, the "LOC Guaranty")

guaranteeing the LOC Loan; and (iii) certain other loan documents evidencing, securing and or guaranteeing the LOC Loan (collectively, the "LOC Loan Documents").

F. The Collateral specifically excludes any and all material (grain) owned and supplied by 3M, and/or any subsidiary or related organization of 3M, to Debtor for the use and manufacturing of 3M specific products. The Collateral also specifically excludes any and all equipment, as defined in the Master Lease Agreement between Wintrust Capital and Debtor, dated November 14, 2016, leased by Debtor from Wintrust Capital.

G. Prior to the Petition Date, Lender made a loan (the "Equipment Loan") to the Debtor pursuant to the terms and conditions of a Business Loan Agreement dated as of June 29, 2016 by and between Borrower and Lender (as amended, restated or replaced from time to time, the "Equipment Loan Agreement"). The Equipment Loan is evidenced by a certain Promissory Note dated as of June 29, 2016 in the original principal amount of $900,000.00 made by the Debtor and payable to the order of Lender (as amended, restated or replaced from time to time, including as amended by that certain Promissory Note dated as of January 1, 2018 in the original principal amount of $896,932.48 made by the Debtor and payable to the order of Lender, the "Equipment Note"). The Equipment Note is secured by (i) Commercial Security Agreement dated as of June 29, 2016 granting to Lender a security interest in the "Collateral" as more particularly set forth therein, executed and delivered by the Debtor in favor of Lender (as amended, restated or replaced from time to time, the "Equipment Security Agreement"); (ii) that certain Commercial Guaranty dated as of June 29, 2016, given by Guarantor in favor of Lender (as amended, restated or replaced from time to time, the "Equipment Guaranty") guaranteeing the Equipment Loan; and (iii) certain other loan documents evidencing, securing and or guaranteeing the Equipment Loan (collectively,

the "Equipment Loan Documents" and collectively with the LOC Loan Documents, the "Loan Documents").

H. The LOC Loan and the Equipment Loan are cross-defaulted and cross-collateralized. As of the Petition Date, the outstanding principal balance of the LOC Loan is $1,000,000.00, plus accrued interest since December 20, 2018, plus such other late fees, costs, fees and expenses, including legal fees and expenses incurred by Lender. As of the Petition Date, the outstanding principal balance of the Equipment Loan is $691,396.32, plus accrued interest since April 8, 2019, plus such other late fees, costs, fees and expenses, including legal fees and expenses incurred by Lender.

I. In the Motion, the Debtor seeks authority to use the cash collateral (as defined in section 363(a) of the Bankruptcy Code) derived from Lender's prepetition Collateral (the "Cash Collateral") pursuant to Section 363(c)(2) of the Bankruptcy Code. Pursuant to Section 363(e) of the Bankruptcy Code, the Debtor proposes to provide adequate protection to Lender in connection with the Debtor's use of Lender's Cash Collateral.

J. The Debtor stipulates that the Loan Documents are valid and enforceable, and that Lender has valid, perfected and unavoidable first priority liens and security interests on and against the Collateral and any Cash Collateral.

K. The Debtor requires the use of the Cash Collateral in order to operate its business, and try to maximize the value of and manage its assets. Without the use of the Cash Collateral, the value of the Debtor's assets may diminish, and the Debtor may not be able to preserve the value of its assets. Accordingly, the Debtor has requested that Lender allow it continued use of the Cash Collateral.

L. Lender has consented to the Debtor's use of the Cash Collateral through the final hearing on the Motion to pay actual, ordinary and necessary expenses of the Debtor's business only as needed to avoid immediate and irreparable harm to the Debtor's business and the value of its assets.

M. It is in the best interests of the Debtor's estate and its creditors that the Debtor be allowed to use the Cash Collateral on the conditions set forth herein.

**IT IS HEREBY ORDERED AND AGREED AMONG THE PARTIES HERETO:**

1. The Recital paragraphs above are specifically incorporated in this Order.

2. Adequate and sufficient notice of the Motion has been provided to all persons entitled thereto under Rule 2002 and 4001 of the Bankruptcy Rules and no further notice of the Motion is necessary for purposes of the preliminary hearing and entry of this Stipulation and Interim Order.

3. Subject to the terms and conditions of this Stipulation and Interim Order, and on the express condition that the Debtor establishes debtor in possession bank accounts with Lender where all Cash Collateral is deposited and from which all expenses are paid, the Debtor is authorized to use the Lender's Cash Collateral in accordance with, and without exceeding, the amounts set forth in the budget attached hereto as Exhibit A (the "Budget"). From the amount allocable to payroll, Debtor shall only pay Mr. Shindorf $2,500.00 as compensation and Mr. Shindorf will then accrue $2,500.00 as compensation on the books and records of Debtor. Debtor's agreement to establish debtor in possession bank accounts with Lender shall only be for the time that this Stipulation and Interim Order is effective.

4. As adequate protection for any use or diminution in the value of Lender's interests in the Collateral, including the Cash Collateral, the following relief is hereby granted:

(a) Retroactive to the Petition Date and without the necessity of any additional documentation or filings, Lender is granted valid, enforceable, non-avoidable, fully perfected replacement liens and security interests of the highest available priority in and upon (i) the Collateral, (ii) any property that the Debtor acquires after the Petition Date including, without limitation, any inventory, work in progress, and accounts receivable generated by the Debtor's postpetition operations, and (iii) any proceeds generated from such property, to the full extent of the value of Lenders' liens and security interests as of the Petition Date. The liens granted in this paragraph (the "Adequate Protection Liens") shall be subject only to prior perfected and unavoidable liens in property of the Debtor's estate as of the Petition Date. Moreover, to the extent that the Adequate Protection Liens do not adequately protect Lender from any diminution in the value of the Lender's interests in the Collateral, Lender shall have an allowed claim against the Debtor's estate pursuant to 11 U.S.C. § 507(b) that shall be superior to any unsecured claim, whether an administrative or priority claim, against the Debtor's estate, with the sole exception of quarterly fees payable to the United States Trustee pursuant to 28 U.S.C. § 1930(a)(6).

(b) The Debtor shall provide weekly reports to Lender in a format similar to the Budget that compares the budget with actual results and such other reports and financial information as may be requested by Lender.

(c) Lender shall have complete access to the Debtor's premises for the purpose of inspecting, appraising and otherwise evaluating the Collateral and to the Debtor's books and records. The Debtor shall make its premises available for inspection by Lender's appraiser(s) by no later than 3 days after the entry of this Stipulation and Interim Order, upon reasonable notice and coordination with Debtor for said entry to occur during normal business operations of Debtor. The Debtor shall respond to any formal discovery requests issued by Lender in relation to the Motion within 7 days of service of such requests and make Robert Shindorf and any other witness that it intends to present at the final hearing on the Motion available for depositions at least 3 business days in advance of the final hearing.

(d) The Debtor shall maintain and keep the Collateral in good condition, repair and working order (normal wear and tear excepted).

(e) The Debtor shall maintain all insurance that existed as of the Petition Date with respect to the Debtor's business and/or the Collateral.

(f) With respect to any existing policies of insurance or any new policies or policy renewals covering the Debtor's business and/or the Collateral, the Debtor shall provide Lender with copies of certificates of insurance naming Lender as an additional insured.

(g) The Debtor shall only use the Collateral for lawful purposes, without violation of any federal, state or local law, statute or ordinance.

(h) The Debtor shall make every reasonable effort to insure the collection of all pre-petition and post-petition accounts receivable and to preserve, maintain and protection the Lender's Collateral and the property subject to the Adequate Protection Liens.

5. The Debtor's authority to use the Cash Collateral under this Stipulation and Interim Order shall cease and terminate immediately, and without further notice, upon the earliest of: (a) the date and time set forth below for a final hearing on the use of Cash Collateral; (b) entry of an order converting this case to a case under Chapter 7 of the Bankruptcy Code; (c) entry of an order dismissing this case; (d) entry of an order in this case appointing a trustee under Section 1104 of the Bankruptcy Code; (e) entry of an order in this cause lifting the automatic stay with reference to all or part of the Collateral; or (f) any violation by the Debtor of the terms of this Stipulation and Interim Order, after a five (5) day notice and opportunity to cure said violation provided by Lender to Debtor.

6. Nothing contained in this Stipulation and Interim Order shall in any way prejudice or compromise any rights or claims Lender may have in respect of parties other than the Debtor, or the rights, claims and defenses of Lender with respect to the Debtor's request to use Lender's Cash Collateral for any period beyond the term of the Budget and the date set for a final hearing on the Motion. Nor shall anything contained in this Stipulation and Interim Order be deemed a waiver of any rights or claims Lender has under the Loan Documents.

7. The grant of adequate protection provided herein is without prejudice to the Lender's right to seek additional adequate protection of its interests in the Collateral.

8. This Stipulation and Interim Order is immediately valid and fully effective upon its entry. The Court shall retain jurisdiction to resolve all disputes and controversies regarding the interpretation or implementation of this Stipulation and Interim Order.

9. This Stipulation and Interim Order shall be governed by, and construed in accordance with, the laws of the State of Indiana and the law of the United States.

10. This Order shall be sufficient and conclusive evidence of the validity, enforceability and perfection of the Adequate Protection Liens, whether or not Lender elects to file or record financing statements, any other documents, or to take such other steps as may otherwise be required to obtain, evidence or perfect such liens under applicable law; and Lender may, in its sole discretion, but shall not be required to, file a certified copy of this Order in any filing or recording office in any jurisdiction in which the Debtor has property, and such filing or recording shall be accepted and shall constitute further evidence of perfection of their liens and security interests.

11. The Court shall conduct a final hearing on the Motion on **May 23, 2019 at 10:00 a.m.** (the "Final Hearing"). Within ~~three (3) days~~ *one business day* of the entry of this Interim Order, the Debtor shall serve a notice of the Final Hearing, together with a copy of this Stipulation and Interim Order and the proposed Final Order and Budget, by overnight mail upon (i) the Office of the United States Trustee, (ii) the creditors holding the 20 largest unsecured claims against the Debtor, (iii) any known holders of prepetition liens against the Debtor's property, and (iv) any other party which has filed a request with this Court for notice in the Debtor's case.

12. The notice of the Final Hearing shall state that any objections to the entry of a Final Order on the Motion shall be in writing and shall be filed with the United States Bankruptcy Clerk for the Northern District of Indiana no later than **May [21], 2019** (the "Objection Deadline"), and that any objections shall be served so that they are received on or before 4:00 p.m. (Central time)

on the Objection Deadline by (i) counsel to the Debtor, Daniel L. Freeland & Associates, P.C., 9105 Indianapolis Blvd., Highland, IN 46322, fcarpenter@dfreeland.com; (ii) counsel to Lender, Gordon E. Gouveia of Gouveia and Associates, 433 W. 84th Drive, Merrillville, IN 46410, geglaw@gouveia.comcast.biz.net; and (ii) the Office of the United States Trustee, 100 East Wayne Street, Suite 555, South Bend, IN 46601, Attn: Jennifer Prokop, Jennifer.prokop@usdoj.gov.

All of which is ORDERED this 14 day of May, 2019.

Judge, United States Bankruptcy Court